```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| YESSICA GONZALEZ, | CIVIL ACTION NO. 07-724 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| W. CARPENTER, et al., |  |
| Defendants. |  |

**THE COURT** ordering the plaintiff to show cause why the action should not be stayed and administratively terminated, with leave to reopen for good cause shown, pending disposition of the criminal charge against her (dkt. entry no. 5, Order to Show Cause); and the plaintiff bringing this action to recover damages under 42 U.S.C. § ("Section") 1983 ("Federal Claims") (Compl., at ¶¶ 51-74), as well as under state law (id. at ¶¶ 75-90); and it appearing that the claims arise from her detention and arrest in February 2005 (id. at ¶¶ 15, 42); but it appearing that the plaintiff, in connection with the circumstances underlying the detention and arrest, was indicted by the state of New Jersey on January 11, 2007, on a charge of hindering apprehension or prosecution by giving false information to a law enforcement officer (id. at ¶¶ 44, 49, 68), see N.J.S.A. § 2C:29-3;[1] and

---

[1] The Court's own research reveals that the plaintiff is charged with hindering the apprehension or prosecution of her brother, who is accused of leading a conspiracy to sell New Jersey driver's licenses to unauthorized persons.

**IT APPEARING** — pursuant to Heck v. Humphrey, 512 U.S. 477 (1994) — that (1) the Court must determine whether a Section 1983 claim, "if successful, would have the hypothetical effect of rendering [a] criminal conviction or sentence invalid," and (2) if a judgment for a plaintiff on such a claim would necessarily imply the invalidity of a conviction, then the claim would be barred until the conviction is overturned, Gibson v. Superint. of N.J. Dep't of Law & Pub. Safety, 411 F.3d 427, 451-52 (3d Cir. 2005) (emphasis in original) (cites and quotes omitted), cert. denied, 547 U.S. 1035 (2006), see Heck, 512 U.S. at 486-87 (stating Section 1983 claim to be dismissed if judgment for plaintiff would necessarily imply invalidity of conviction or sentence); and

**THE COURT** thus being concerned that if the plaintiff were successful on her Federal Claims, then an eventual underlying state criminal conviction would be rendered invalid in violation of Heck; and it appearing that when an indicted plaintiff brings a Section 1983 claim "before [being] convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended", Wallace v. Kato, 127 S.Ct. 1091, 1098 (2007); and it appearing further that "[i]f the plaintiff is

2

ultimately convicted, and if the stayed civil suit would impugn that conviction, Heck will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit", id.; and thus the Court ordering the plaintiff to show cause why the action should not be stayed and administratively terminated pending the outcome of the criminal charge against her; and the plaintiff having been advised that the Court is merely considering an administrative termination of the action, which is not the same as a dismissal of the complaint with prejudice (Order to Show Cause, at 3); and

    **THE PLAINTIFF**, in response, admitting that (1) the charge against her is still pending, and (2) the holding in Wallace v. Kato controls here (dkt. entry no. 6, Pl. Resp., at 3-4 ); and the plaintiff being concerned, in effect, that an administrative termination will be the equivalent of a dismissal with prejudice, and thus bar further pursuit of her claims (id. at 8-10); but the Court again advising the plaintiff that an order administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy, see Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end

3

litigation on the merits"); and thus the Court intending to (1) grant the order to show cause, and (2) stay and administratively terminate the action, with leave to seek ancillary relief or to reopen when appropriate; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                                   s/ Mary L. Cooper
                                                 **MARY L. COOPER**
                                                 United States District Judge